## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TINA M. WINKLER, et al | ) |
| Plaintiffs, | ) |
| v. | ) Case No. PX 18-865 |
| MEDTRONIC, INC. and HEARTWARE, INC., | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C §§ 1441, 1446, Defendants Medtronic, Inc. and Heartware, Inc. (collectively "Medtronic") hereby remove this action, *Tina M. Winkler, et al v. Medtronic, Inc., et al*, Case No. 442152-V, from the Circuit Court for Montgomery County, Maryland to the United States District Court for the District of Maryland. In support, Medtronic states as follows:

### Background Facts

1. On January 4, 2018, Plaintiffs filed an action against Medtronic in the Circuit Court for Montgomery County, Maryland. The case was docketed under Case No. 442152-V. Service was obtained on Medtronic via CT Corporation System on March 2, 2018. A copy of the entire state court file is attached as Exhibit A, and includes all pleadings served or filed in this action as of the date of this notice, including the Complaint and Summons.

2. The Complaint is a product liability action against Medtronic, stemming from the alleged malfunction of a left ventricular assistive device ("LVAD"). The Complaint alleges that in August 2014, a Medtronic LVAD was implanted into decedent John C. Winkler ("Mr. Winkler"). Exhibit A, Complaint ¶¶ 1, 5. The alleged LVAD provided left ventricular function

to Mr. Winkler's heart. Exhibit A, Complaint ¶ 5. On January 4, 2015, the LVAD allegedly "lost power", causing Mr. Winkler to "suffer[] cardiac arrest and die[] on January 6, 2015." *Id.* Based on this allegation, Plaintiffs allege state law tort theories against Medtronic for negligent design (Count I), negligent manufacture (Count II), breach of warranty (Count III), strict liability (Count IV), and wrongful death (Count V).

## Basis for Removal

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint and Summons upon Medtronic. Because Medtronic is filing this Notice on March 30, 2018, removal is timely.

4. The time for Medtronic to answer, move, or otherwise plead with respect to the Complaint has not yet expired. *See* Exhibit A.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 102(a)(1) and 1441(a), because the U.S. District Court for the District of Maryland is the federal judicial district embracing the Circuit Court for Montgomery County, Maryland where this action was originally filed.

6. By filing a Notice of Removal in this matter, Medtronic does not waive any right to assert any defense and/or objection to which it may be entitled.

## Diversity Jurisdiction

7. Subject matter jurisdiction, particularly federal diversity jurisdiction, is proper under 28 U.S.C. § 1332. Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

8. Complete diversity exists between the parties to this action. Defendant Medtronic, Inc. is a corporation "incorporated under the laws of Minnesota and maintaining its principal place of business in Minnesota." *See Branson v. Medtronic, Inc.*, No. 5:06-cv-332, 2007 WL 170094 at * 4 (M.D. Fla. Jan. 18, 2007) (denying plaintiff's motion to remand following removal by Medtronic on the ground that Medtronic's principal place of business is in Minnesota). Thus, Medtronic is a citizen of Minnesota for purposes of federal diversity jurisdiction. Defendant Heartware, Inc., is a Massachusetts corporation that maintains its principal place of business in Massachusetts. The Complaint lists Heartware Inc.'s address as: "500 Old Connecticut Path, Framingham, MA, 01701." Exhibit A, Complaint. Plaintiffs are citizens of Virginia. In the Complaint, Plaintiffs list their address as: "408 Westover Parkway, Locust Grove, Virginia 22508." Exhibit A, Complaint.

9. The amount in controversy exceeds $75,000. The Complaint alleges a judgment "in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00)." Exhibit A, Complaint.

### Conclusion

10. Pursuant to 28 USC §§ 1441(a), 1446(a), this Court is the appropriate place to file this Notice of Removal because it is the United States District Court for the district in which the state court action is pending.

11. Written notice hereof is being provided to Plaintiffs and a copy of this Notice of Removal is being filed contemporaneously with the Circuit Court for Montgomery County, Maryland in accordance with 28 U.S.C. § 1446(d).

12. Accordingly, this Court has federal diversity jurisdiction under 28 U.S.C. § 1332, and this case is removable under 28 U.S.C. § 1441.

WHEREFORE, Medtronic respectfully requests that this action be removed as set forth above.

Dated: March 30, 2018

Respectfully submitted,

/s/ *Matthew Saxon*
Matthew Saxon
Winston & Strawn LLP
700 K Street, N.W.
Washington, D.C. 20006-3817
(202) 282-5000
MSaxon@winston.com

*Counsel for Medtronic, Inc. and Heartware, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2018, the foregoing document was filed via the Court's CM/ECF system, and also sent via U.S. mail to counsel for Plaintiffs:

John J. Sellinger
Greenberg & Bederman, LLC
1111 Bonifant Street
Silver Spring, MD 20910
(301) 589-2200
jsellinger@gblawyers.com

*Attorney for Plaintiffs*

/s/ *Matthew Saxon*
Matthew Saxon