IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| TINA M. WINKLER Individually and as Mother and Next Friend of JW<br>408 Westover Parkway<br>Locust Grove, Virginia 22508<br><br>and<br><br>MADELINE WINKLER<br>408 Westover Parkway<br>Locust Grove, Virginia   22508<br><br>and<br><br>KELLY WINKLER<br>408 Westover Parkway<br>Locust Grove, Virginia 22508<br><br>and<br><br>STEPHANIE LACONIA<br>408 Westover Parkway<br>Locust Grove, Virginia<br><br>         Plaintiffs<br><br>vs.<br><br>MEDTRONICS, INC<br>710 Medtronic Parkway<br>Minneapolis, MN 55432<br><br>and<br><br>HEARTWARE, INC.<br>500 Old Connecticut Path<br>Framingham, MA 01701<br><br>         Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*   Case No. 442152-V<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

___ FILED   ___ ENTERED
___ LOGGED   ___ RECEIVED

APR   4 2018

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                              DEPUTY

**RECEIVED**

JAN 04 2019

Clerk of the Circuit Court
Montgomery County, Md.

## COMPLAINT
### (Product Liability; Negligence; Wrongful Death; Jury Demand)

TINA M. WINKLER, Individually and as the Mother and Next Friend of JW, a minor, MADELINE WINKLER, KELLY WINKLER and STEPHANIE LACONIA, Plaintiffs, sue MEDTRONIICS, INC., and HEARTWARE, INC., Defendants, and for cause of action states:

1. Plaintiffs are the surviving spouse and children of John C. Winkler, deceased. John C. Winkler died on January 6, 2015, as a result of a defective Left Ventricular Assistive Device (LVAD) system manufactured by the Defendant Heartware, Inc., which has since been acquired by the Defendant Medtronics, Inc.

2. This Court has jurisdiction over Defendants pursuant to the Maryland "long arm" statute, Courts & Judicial Proceedings Article, §6-103, in that the Defendants regularly do or solicit business in the State of Maryland, and derive and derive substantial revenue from goods used or consumed in the State of Maryland.

4. Plaintiff Tina Winkler maintains this action individually and as the Mother and Next Friend of JW, a minor and the son of John C. Winkler. Plaintiffs Madeline Winker, Kelly Winkler and Stephanie Laconia maintain this action as the surviving adult children of John C Winkler.

5. Defendants are the manufacturers of a left ventricular assist system known as the "Heart Mate II" System, which was implanted into Plaintiffs' decedent in August, 2014, at Duke University, in North Carolina. The purpose of the LVAD device was to serve as a "bridge" and to provide life-sustaining left ventricular function to Plaintiffs'

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

decedent's heart while he awaited a heart transplant. On January 4, 2015, the LVAD system suddenly and without warning lost power, depriving John C. Winkler of heart function. The back-up systems which were intended to insure the operation of the LVAD system failed, and Plaintiffs' decedent John C. Winkler suffered a cardiac arrest and died on January 6, 2015.

## COUNT ONE
### (Negligent Design)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof and for further cause of action state:

6. In their design of the LVAD system, Defendants had a duty to design their product so as to fit the purpose for which it was intended, to reproduce the pumping action of the left ventricle in a safe and reliable manner in order for the heart to function, with the knowledge that failure of the device would result in the death of its user.

7. Defendants were negligent in the design of the LVAD that was in use by Plaintiffs' decedent John C. Winkler, in that the design failed to insure its function in a safe and reliable manner to avoid battery failure without notice to the user.

8. As a result of the negligent design of Defendants' product, on January 4, 2015, the LVAD in use by Plaintiffs' decedent John C. Winkler suddenly and without warning lost power, without notice to Plaintiffs' decedent John C. Winkler, causing him to suffer a cardiac arrest and die on January 6, 2015.

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

## COUNT TWO
### (Negligent Manufacture)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof and for further cause of action state:

9. In their manufacture of the LVAD system, Defendants had a duty to manufacture their product so as to fit the purpose for which it was intended, that is to provide assistance to the user's left ventricle to reproduce the pumping action of the left ventricle in a safe and reliable manner, with the knowledge that failure of the device would result in the death of its user.

10. Defendants were negligent in the manufacture of the LVAD that was in use by Plaintiffs' decedent John C. Winkler at the time of his death, in that the components, particularly the batteries and controllers that provided the source of power to the LVAD device were negligently manufactured and failed to failed to power to the LVAD device in a safe and reliable manner and failed to provide power to the LVAD device, causing it to fail without notice to the user of the device.

11. As a result of the negligent manufacture of Defendants' product, on January 4, 2015, the LVAD system in use by Plaintiffs' decedent John C. Winkler suddenly and without warning lost power without notice to Plaintiffs' decedent John C. Winkler, causing him to suffer a cardiac arrest and die on January 6, 2015.

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

### COUNT THREE
### (Breach of Warranty)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof and for further cause of action state:

12. Defendants expressly and impliedly warranted that the LVAD device used by Plaintiffs' decedent was free from design and manufacturing defects and was fit for its intended purpose, to provide life sustaining circulation of blood to the user. Defendants knew that the failure of its device would be catastrophic and fatal.

13. Plaintiffs' decedent was the intended user of Defendants' product and used it in accordance with the instructions provided by Defendants.

14. Defendants breached its express and implied warranties that it product was free from design and manufacturing defects and was fit for its intended purpose.

15. As a result of the breach of warranty Defendants on January 4, 2015, the LVAD in use by Plaintiffs' decedent John C. Winkler suddenly and without warning lost power without notice to Plaintiffs' decedent John C. Winkler, causing him to suffer a cardiac arrest and die on January 6, 2015.

### COUNT FOUR
### (Strict Liability)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof and for further cause of action state:

16. Defendants sold the LVAD device that was in use by Plaintiffs' decedent John C. Winkler at the time of his cardiac arrest on January 4, 2015, and he was an intended user of the product.

17. The design and manufacture of the Defendants' product rendered the product defective and unsafe and unreasonably dangerous for use by Plaintiffs' decedent John C. Winkler.

18. The defendants' LVAD system that was assembled by Defendants remained unchanged from its original design and manufacture and was in the same condition at the time of Plaintiffs' decedent's death.

19. As a result of the Defendants' defectively designed and manufactured product, John C. Winkler suffered a cardiac arrest on January 4, 2015, and died on January 6, 2015.

## COUNT FIVE
## (WRONGFUL DEATH)

Plaintiffs incorporate by reference the facts and allegations paragraphs 1-19 hereof and for cause of action states as follows:

20. As a direct and proximate result of the aforesaid negligence and breach of warranty by Defendants, Plaintiff's Decedent John Winker suffered a cardiac arrest and died on January 6, 2015.

21. As a direct and proximate result of the aforesaid negligence and breach of warranty by the Defendants, and the resultant death of her husband John C. Winkler, Plaintiff Tina Winkler has suffered those injuries and damages provided by the Virginia

"Wrongful Death Act" including, but not limited to: sorrow, mental anguish, loss of society and companionship, the loss of income, services, protection, care and assistance that her husband would have reasonably provided, as well as mental anguish, and emotional pain and suffering from the loss of her husband John C. Winkler, funeral expenses, and has been otherwise injured and damaged.

22.  As a direct and proximate result of the aforesaid negligence and breach of warranty by the Defendants, and the resultant death of their father John C. Winkler, Plaintiffs JW Madeline Winkler, Kelly Winkler and Stephani Laconia have suffered and will suffer in the future sorrow, mental anguish, and loss of society, companionship, comfort, guidance, kindly offers and advice of their husband and father, and have lost the income, services, care and assistance that would have been provided to them by John C. Winkler, and have been otherwise injured and damaged.

23.  Plaintiff requests that damages be awarded in accordance with the Virginia Wrongful Death Act, Virginia Code §8.01-50, et.seq. for pecuniary loss, for medical expenses, funeral expenses, for loss of services, including care, attention, companionship and society, and for the grief, solace, sorrow and suffering occasioned by the injury and death of John C. Winkler.

WHEREFORE, Plaintiffs Tina M. Winkler, individually and as mother and next friend to JW Madeline Winkler, Kelly Winkler and Stephanie Laconia, Plaintiffs, claim and demand judgment in their favor against the Defendants Medtronics, Inc., and Heartware, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest and the costs of these proceedings.

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

_____
John J. Sellinger
Greenberg & Bederman, LLC
1111 Bonifant Street
Silver Spring, MD 20910
(301) 589-2200
(301) 589-9424 (fax)
jsellinger@gblawyers.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

_____
John J. Sellinger