IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
FILED _____ ENTERED
LOGGED _____ RECEIVED
APR 4 2018
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

RECEIVED
MAR 06 2018
Clerk of the Circuit Court
Montgomery County, Md.

TINA M. WINKLER Individually and as
Mother and Next Friend of JW et al

Plaintiffs

vs.

MEDTRONICS, INC., et al.

Defendants

Case No. 442152-V

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

## AMENDED COMPLAINT

Plaintiffs by counsel, file this Amended Complaint to correct the misnomer of "Medtronic, Inc.," as "Medtronics, Inc." in the original Complaint filed herein, and state:

TINA M. WINKLER, Individually, and as Mother and Next Friend of JW a minor, MADELINE WINKLER, KELLY WINKLER and STEHANIE LACONIA, Plaintiffs, sue MEDTRONIC, INC., AND HEARTWARE, INC., Defendants, and for cause of action state:

1. Plaintiffs are the surviving children and spouse of John C. Winkler, deceased. John C. Winkler died on January 6, 2015, as a result of a defective Left Ventricular Assistive Device (LVAD) system manufactured by the Defendant Heartware, Inc., which has since been acquired by the Defendant Medtronic Inc.

2. This court has jurisdiction over Defendants pursuant to the Maryland "long arm" statute, Courts & Judicial Proceedings Article, §6-103, in that the Defendants

1

regularly do or solicit business in the State of Maryland, and derive substantial revenue from goods used or consumed in the State of Maryland.

4. Plaintiff Tina Winkler maintains this action individually and as the Mother and Next Friend of JW, a minor, and the son of John C. Winkler. Plaintiffs Madeline Winkler, Kelly Winkler and Stephanie Laconia maintain this action as the surviving adult children of John C. Winkler.

5. Defendants are the manufacturers of a left ventricular device system known as the "Heart Mate II" System, which was implanted into Plaintiff's decedent in August, 2014 at Duke University Hospital, in North Carolina. The purpose of the LVAD device was to serve as a "bridge" to provide life sustaining left ventricular function to Plaintiffs' decedent's heart while he awaited a heart transplant. On January 4, 2015, the LVAD device suddenly and without warning lost power, depriving John C. Winkler of heart function. The back-up systems which were intended to insure the operation of the LVAD system failed, and Plaintiffs' decedent John C. Winkler suffered a cardiac arrest and died on January 6, 2015.

## COUNT ONE
### (Negligent Design)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof and for further cause of action state:

6. In their design of the LVAD system, Defendants has a duty to design their product so as to fit the purpose for which it was intended, to reproduce the pumping

2

action of the left ventricle in a safe and reliable manner in order for the heart to function, with the knowledge that failure of the device would result in the death of its user.

7  Defendants were negligent in the design of the LVAD that was in use by Plaintiffs' decedent Johns C. Winkler, in that the design failed to insure its function in safe and reliable manner to avoid battery failure without notice to the user.

8. As a result of the negligent design of Defendants' product, on January 4, 2015, the LVAD in use by Plaintiffs' decedent John C. Winkler suddenly and without warning lost power, without notice to Plaintiffs' decedent John C. Winkler, causing him to suffer a cardiac arrest and die to January 6, 2015.

## COUNT TWO
### (Negligent Manufacture)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof, and for further cause of action state:

9. In their manufacturer of the LVAD system, Defendants had a duty to manufacture their product so as to fit the purpose for which it was intended, to reproduce the pumping action of the left ventricle in a safe and reliable manner in order for the heart to function, with the knowledge that failure of the device would result in the death of its user.

10  Defendants were negligent in the manufacture of the LVAD that was in use by Plaintiffs' decedent Johns C. Winkler, in that the components particularly the batteries and controllers that provided the source of power to the LVAD devices were negligently

3

manufactured and failed to provide power to the LVAD device in a safe and reliable manner and failed to provide power to the LVAD device, causing it to fail without notice to the user of the device.

11. As a result of the negligent manufacture of Defendants' product, on January 4, 2015, the LVAD in use by Plaintiffs' decedent John C. Winkler suddenly and without warning lost power, without notice to Plaintiffs' decedent John C. Winkler, causing him to suffer a cardiac arrest and die to January 6, 2015.

## COUNT THREE
### (Breach of Warranty)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof and for further cause of action state:

12. Defendants expressly and impliedly warranted that the LCAD device used by Plaintiffs' decedent was free from design and manufacturing defects and was fit for its intended purpose, to provide life sustaining circulation of blood circulation of blood to the user. Defendants knew that failure of its device would be catastrophic and fatal.

13. Plaintiffs' decedent was the intended user of Defendants' product and used it in accordance with the instructions provided by Defendants.

14. Defendants breached their express and implied warranties that their product was free from design and manufacturing defects and was fit for its intended purpose.

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

4

15. As a result of the breach of warranty by Defendants, on January 4, 2015, the LVAD in use by Plaintiffs' decedent John C. Winkler suddenly and without warning lost power without notice to Plaintiffs' decedent John C. Winkler, causing him to suffer a cardiac arrest and die on January 6, 2015.

### COUNT FOUR
### (Strict Liability)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-5 hereof, and for further cause of action state:

16. Defendants sold the LVAD devise that was in use by Plaintiffs' decedent John C. Winkler at the time of his cardiac arrest on January 4, 2015, and he was an intended user of the product.

17. The design and manufacture of the Defendants' product rendered the product defective and unsafe and unreasonably dangerous for use by Plaintiffs' decedent John C. Winkler.

18. The defendants' LVAD system that was assembled by Defendants remained unchanged from its original design and manufacture and was in the same condition at the time of Plaintiffs' decedent's injury and death.

19. As a result of Defendants' defectively designed and manufactured product, John C. Winkler suffered a cardiac arrest on January 4, 2015, and died on January 6, 2015.

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

## COUNT FIVE
### (Wrongful Death)

Plaintiffs incorporate the facts and allegations of Paragraphs 1-19 hereof and for further cause of action state:

20. As a direct and proximate result of the aforesaid negligence and breach of warranty by Defendants, Plaintiffs' decedent John C. Winkler suffered a cardiac arrest on January 4, 2015, and died on January 6, 2015.

21. As a direct and proximate result of the aforesaid negligence and breach of warranty by the Defendants, and the resultant death of her husband John C. Winkler, Plaintiff Tina Winkler has suffered those injuries and damages provided by the Virginia "Wrongful Death Act," including, but not limited to: sorrow, mental anguish, loss of society and companionship, the loss of income, services, protection, care and assistance that her husband would have provided, as well as mental anguish and emotional pain and suffering from the loss of her husband John C. Winkler, funeral expenses, and has been otherwise injured and damaged.

22. As a direct and proximate result of the aforesaid negligence and breach of warranty by the Defendants, and the resultant death of their father John C. Winkler, Plaintiffs JW Madeline Winkler, Kelly Winkler and Stephanie Laconia have suffered and will suffer in the future sorrow, mental anguish, and loss of society, companionship, comfort, guidance, kindly offers and advice of their father and have lost the income, services, care and assistance that would have been provided to them by John C. Winkler, and have been otherwise injured and damaged.

GREENBERG & BEDERMAN, LLC
ATTORNEYS AT LAW
1111 BONIFANT STREET
SILVER SPRING, MD 20910
(301) 589-2200

23. Plaintiffs request that they be awarded damages in accordance with the Virginia Wrongful Death Act, Virginia Code §8.01-50, *et seq*, for pecuniary loss, medical expenses, funeral expenses, for loss of services, including care, attention, companionship, and society, and for the grief, solace, sorrow and suffering occasioned by the injury and death of John C. Winkler.

WHEREFORE, Plaintiffs Tina M. Winkler, individually and as Mother and Next Friend of JW Madeline Winkler, Kelly Winkler and Stephanie Laconia, Plaintiffs, claim and demand judgment against the Defendants Medtronic, Inc., and Heartware, Inc., in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), plus interest and the costs of these proceedings.

John J. Sellinger
Greenberg & Bederman, LLC
1111 Bonifant Street
Silver Spring, MD 20910
(301) 589-2200
(301) 589-9424 (fax)
jsellinger@gblawyers.com

Attorneys for Plaintiff