UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TINA M. WINKLER, *et al*

        Plaintiffs,

v.

MEDTRONIC, INC. and
HEARTWARE, INC.,

        Defendants.

Case No. 8:18-cv-00865-PX

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Plaintiffs' original wrongful death complaint relating to HeartWare's Ventricular Assistive Device ("HVAD") was dismissed for two separate reasons. First, Plaintiffs improperly tried to make their claims timely by simply picking a forum (Maryland) with a three-year statute of limitations (all of their claims are barred under any shorter limitations period). Second, Plaintiffs failed to plead that the HVAD differed from federal manufacturing requirements—meaning that all of Plaintiffs' claims are preempted. To say that the Second Amended Complaint cures neither deficiency is an understatement.

**Statute of limitations**: The Court's dismissal order required Plaintiffs to plead their claims under the law of the state where the HVAD was manufactured. Dismissal Order, ECF No. 54, at 5. Plaintiffs asked Defendants to supply that information to them, so they could file their amended complaint and make allegations consistent with their Rule 11 obligations. As a courtesy, Defendants conducted an investigation and, in a sworn affidavit, identified Connecticut (which has a two-year statute of limitations) as the manufacturing location. Plaintiffs then filed that affidavit in a pleading asking this Court for an extension to file their Second Amended Complaint. ECF No. 60, at Ex. 2. When Plaintiffs realized that Connecticut has a two-year

statute of limitations, they resorted to their old tactics. They have tried to dodge the statute of limitations once again by just picking a forum with a three-year statute—this time Minnesota. Plaintiffs cannot contradict their prior pleading to make their claims timely. Their claims are time-barred, and they should be dismissed with prejudice.

**Preemption:** The Second Amended Complaint alleges that the HVAD device was improperly manufactured and that Plaintiff was not warned in time of its defects. It is undisputed, however, that Plaintiffs cannot maintain any claims against Defendants unless the Defendants violated federal manufacturing or warning regulations. The Court's dismissal order observed that Plaintiffs' original complaint had made no effort to plead that the HVAD violated any federal regulations whatsoever, despite those regulations being publicly available. Dismissal Order at 8-9. The Court even referred to the complaint as "very thin" at the hearing on the motion to dismiss the original complaint. ECF No. 66, at 5:19-20. Plaintiffs did not even attempt to comply with this Order in their Second Amended Complaint. They simply re-filed the "very thin" complaint as the Second Amended Complaint. Indeed, there is not a single allegation that Medtronic violated any particular federal regulation. This is no accident or oversight. Plaintiffs plainly cannot plead a claim that would not be preempted.

For these reasons, and those set forth below, Defendants urge the Court to dismiss this case with prejudice.

## FACTUAL BACKGROUND

### I. The HVAD.

The HVAD is a heart pump that attempts to keep end-stage heart failure patients alive until they can receive a heart transplant or to attempt to sustain their life just a little longer in instances where a transplant is not planned or possible, because of factors like age, other health

problems, or other reasons. The patient wears a battery pack around their waist like a belt, with tubing running up and into their heart. The following illustration comes from the HVAD's instructions for use, which is publicly available:



Figure 1:
HeartWare™ HVAD™ System

It is undisputed that the HVAD is a Class III medical device under the Medical Device Amendments to the Federal Food, Drug, and Cosmetic Act ("FDCA").[1] ECF No. 66, at 5:23-6:4; Second Am. Compl. ¶ 5. The Court can take judicial notice of this fact at the motion to dismiss stage. *See Smith v. St. Jude Med. Cardiac Rhythm Mgmt. Div.*, No. CIV. CCV-12-1746, 2013 WL 1104427, at *3 (D. Md. Mar. 13, 2013) (noting "[t]his court can take judicial notice… that the St. Jude pacemaker was approved as a Class III device following the FDA's pre-market approval ("PMA") process.").

## II. The Specific Conditions Under Which Plaintiffs Were Granted Leave to Re-Plead.

Plaintiffs' original, conclusory pleading alleged that the decedent received an HVAD in August 2014 in North Carolina. Compl. at ¶ 5. On January 4, 2015, the HVAD lost power

---

[1]*See* FDA Premarket Approval Database,
https://www.accessdata.fda.gov/scripts/cdrh/cfdocs/cfpma/pma.cfm?id=P100047, last visited April 1, 2019.

3

because of a battery malfunction. *Id.* The batteries were, in fact, publicly recalled in January 2016.[2] *Id.* The decedent passed away a couple days later as a result of the battery malfunction. Compl. at ¶ 5. Those were the entirety of the allegations against the Defendants. *See id.*

As the Defendants' original motion to dismiss explained, Plaintiffs filed their complaint in Maryland just short of three years after the statute of limitations was triggered. ECF No. 54, at 5. They did so because Maryland has a three-year statute of limitations. *Id.* at 4. Defendants also explained that Plaintiffs failed to allege that Defendants violated any federal regulations. *Id.* at 7-8. As such, all of the Plaintiffs' claims should be preempted. *Id.*

After an oral argument (ECF Nos. 50; 66), and even supplemental briefing requested by the Plaintiffs (*see* ECF Nos. 51-53), the Court dismissed Plaintiffs' original complaint. The Court concluded that the statute of limitations would be governed by the law of state where the allegedly defective manufacturing occurred. ECF No. 54, at 5. Plaintiffs could "proceed only if Plaintiffs amend the Complaint sufficient to demonstrate the location of the negligent … manufacture of the [H]VAD and that the claims were filed within that location's applicable limitations period." *Id.* at 7.

The Court also admonished Plaintiffs that their original complaint was "very thin." ECF No. 66, at 5:19-20. Indeed, they could not survive a federal preemption challenge at the motion to dismiss stage unless they alleged that the Defendants violated specific federal regulations, which are publicly available:

> The Amended Complaint is simply insufficient to ascertain whether the claims are preempted. For example, the Amended Complaint does not set forth the Class III requirements applicable to the LVAD. Nor does the Amended Complaint address

---

[2] The recall is subject to judicial notice because, not only is the recall public, but it was also attached to Plaintiffs' pleadings in response to Defendants' original motion to dismiss. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) ("a court may properly take judicial notice of 'matters of public record'"); *Demetry v. Lasko Prod., Inc.*, 284 F. App'x 14, 15 (4th Cir. 2008) (holding that a voluntary recall notice was subject to judicial notice because it was part of plaintiff's pleading).

4

whether Defendants deviated from any such requirements, and finally, whether such deviations were the proximate cause of Winkler's death. *Cf. In re Smith & Nephew Birmingham Hip Resurfacing (BHR) Hip Implant Prod. Liab. Litig.*, 300 F. Supp. 3d 732, 740–41 (D. Md. 2018). Although Plaintiffs persist that a more robust pleading is impossible absent discovery, the Court disagrees. As discussed during the hearing, the FDA Class III information is publicly available through the FDA website, and Plaintiffs noted that they currently retain custody over the allegedly defective part of the specific LVAD that had been implanted in Winkler. With Plaintiffs exercising due diligence to amend their Complaint properly, "[t]he court is confident it can [evaluate preemption] during the motion to dismiss stage." *Id.* Accordingly, ***Plaintiffs are granted one opportunity to amend the Amended Complaint consistent with this Opinion***.

ECF No. 54, at 8-9. (emphasis added). This was consistent with the Court's instructions to Plaintiff at the oral argument as well:

> And I would suggest taking a look at complaints maybe in this district which have survived [federal preemption] challenge or amendments which have allowed the case to go forward so that you have a good template as to what this court would require. And I would point you specifically to *Smith & Nephew* [300 F. Supp. 3d 732 (D. Md. 2018)]. I think there is some good guidance in that case, including the amended complaints that were filed. ***And it's robust***.

ECF No. 66, at 14:16-22 (emphasis added).

### III. The Second Amended Complaint.

Plaintiffs requested *three* extensions of time to file their Second Amended Complaint, under the representation that they were investigating the HVAD's manufacturing location, and researching the applicable regulations allegedly violated by the Defendants. ECF Nos. 56; 58; 60. To assist Plaintiffs in complying with Rule 11, Medtronic even supplied Plaintiffs with a detailed written affidavit which provided the lot numbers of the decedent's HVAD, and identified Connecticut as the place the allegedly defective batteries were manufactured. ECF No. 60-2, at 1-2. Plaintiffs then filed that affidavit as a basis for requesting its third extension of time to file the Second Amended Complaint.

5

The Second Amended Complaint that followed plainly violated the Court's dismissal order. First, even though Defendants specifically identified Connecticut as the location of the allegedly defective battery, Plaintiffs allege that Minnesota law governs. *See* Second A. Compl. ¶ 6. Plaintiffs claim that Minnesota law should control because "on information and belief" the final assembly of the HVAD occurred in Minnesota. *Id.*

Second, the Second Amended Complaint (despite three extensions spanning over three months), does not specify any federal regulations that the Defendants violated. *See* ECF No. 54 at 8-9. Rather, the Complaint only alleges that the HVAD was defectively manufactured and that Medtronic failed to timely warn the decedent of the defective manufacturing, with a conclusory statement that the defective battery violated "standards required by the FDA." Second Am. Compl. ¶ 5.

## ARGUMENT

### I. The Second Amended Complaint Is Barred by the Statute of Limitations.

Plaintiffs wrongful death claim is time-barred. Under Maryland law, "[i]f a wrongful act occurred in another state...a Maryland court shall apply the substantive law[3] of that jurisdiction." 3 Md. Code Ann., Cts. & Jud. Proc. § 3-903. In a products liability case, the "wrongful act" takes place where the alleged defective manufacture of the device occurred. *See Kielar v. Granite Const. Co.*, 647 F. Supp. 2d 524, 528 (D. Md. 2009) (applying Louisiana law to a wrongful death products liability claim where death occurred in Maryland and plaintiffs had not introduced evidence that

---

[3] The Court previously, and correctly found that wrongful death statutes of limitations are substantive. *See* ECF No. 54 at 4; *see also Knauer v. Johns-Manville Corp.*, 638 F. Supp. 1369, 1375–76 (D. Md. 1986) (noting that the "rule in Maryland is that, since the wrongful death statute created a new liability not existing at common law, compliance with the period of limitations for such actions is a condition precedent to the right to maintain the action. *The period of limitations is part of the substantive right of action*") (emphasis added).

6

the equipment was designed or manufactured outside of Louisiana) (emphasis added); *see also Desrosiers v. MAG Indus. Automation Sys., LLC*, No. WDQ-07-2253, 2010 WL 4116991, at *2 (D. Md. Oct. 19, 2010) (Wisconsin law applied to wrongful death defective design claim where death occurred in Maryland and product was manufactured in Wisconsin).

Here, the allegedly defective battery was made in Connecticut. ECF No. 60-2, at 1-2. Connecticut has a two-year statute of limitations for all claims based on wrongful death, including negligent manufacturing, failure to warn of a product defect, and strict liability, *see* Conn. Gen. Stat. § 52-555, meaning that all of the Plaintiffs' claims are time-barred. *See Rzayeva v. United States*, 492 F. Supp. 2d 60, 85 (D. Conn. 2007) (holding plaintiff's claims are barred by the two-year statute of limitations set forth in § 52–555(a), because defendants did not receive notice of plaintiff's action until more than two years after decedent's death.").

Plaintiffs' attempts to dodge this conclusion are faulty. First, to obtain an extension, Plaintiffs pled a sworn affidavit stating that the defective batteries were manufactured in Connecticut. *See* ECF No. 60-2. That is part of the pleadings in the case, and properly before the Court on a motion to dismiss. *Id.*; *see also Demetry v. Lasko Prod., Inc.*, 284 F. App'x 14, 15 (4th Cir. 2008) (holding that a court may take judicial notice of information provided as part of plaintiff's pleading).

Second, leaving aside the fact that Plaintiff has not offered any basis to support the allegation that the HVAD was assembled in Minnesota, there are no allegations that the device was improperly *assembled,* or that Defendants' *assembly* was defective. *See generally* Second Am. Compl. Rather, the Second Amended Complaint is based on the manufacturing of the batteries, and has ***nothing*** to do with the assembly of the HVAD at a later time. *See id.* at ¶¶ 4-9, 13, 15, 18-22. Additionally, even if the HVAD was assembled in Minnesota, Plaintiffs' complaint

7

is still barred by Connecticut's two-year statute of limitation because, when determining which state's statute of limitations apply, Maryland looks to "the place where the alleged defective *manufacture of the device occurred*", not where the product (which has a variety of manufactured components) was assembled. *See Kielar*, 647 F. Supp. 2d at 528 (emphasis added).

Plaintiffs' allegations stem from a manufacturing defect in the batteries, and there is no doubt that the allegedly defective manufacturing occurred in Connecticut. *See* ECF No. 60-2, at 1-2. Plaintiff is creating a false distinction to attempt to dodge the statute of limitations.

## II.  Federal Law Preempts All of Plaintiffs' Claims.

Plaintiffs' claims are also preempted under the FDCA. As the Court recognized:

> there is no dispute that [the HVAD] is a Class III device and, therefore, under the prevailing law, any state action is preempted unless it's parallel to the Class III requirements; meaning [Plaintiffs'] theory of the case [must be] that the defendants didn't follow the protocol set by the FDA, and the failure to follow that protocol is what led to the injury in this case and supports a cause of action.

ECF No. 66, at 5:23-6:4; *see also Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008) (quoting U.S.C. § 360k(a)(1); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001); *Williams v. Smith & Nephew, Inc.*, 123 F. Supp. 3d 733 (D. Md. 2015); *Walker v. Medtronic, Inc.*, 670 F.3d 569 (4th Cir. 2012).

The Court granted Plaintiffs "one opportunity" to amend the original Complaint to "set forth the Class III requirements applicable to the [H]VAD," "address whether Defendants deviated from any such requirements," and address "whether such deviations were the proximate cause of Winkler's death." ECF No. 54 at 8-9. The Second Amended Complaint fails to address any of those items imposed by the Court's Order. Nowhere in the Second Amended Complaint do Plaintiffs address the PMA safety requirements for the HVAD, or how Defendants deviated from those standards when manufacturing the HVAD.

Instead, to negate the federal preemption argument, the Second Amended Complaint merely, and in a conclusory fashion, states that "defectively manufactured batteries which fail to hold a charge due to faulty cells violate the standards required by the FDA for premarket approval of the HVA[D] system." Second Am. Compl. ¶ 5. This barebones allegation, however, fails to "set forth the Class III requirements applicable to the HVAD" and *how* the alleged defect violates the standards relating to manufacturing and warnings required by the FDA for premarket approval. *See* ECF No. 54 at 8-9; *see also* ECF. No. 66 at 14:22 (noting product liability complaints regarding Class III devices are "robust").

Plaintiffs have presented no allegations that Defendants deviated from the specifications in the HVAD premarket approval application, *see Riegel*, 552 U.S. at 323, and a recall of the batteries alone (which occurred after the decedent passed away) is insufficient to establish deviation. *Smith v. St. Jude Med. Cardiac Rhythm Mgmt. Div.*, No. CIV. CCV-12-1746, 2013 WL 1104427, at *4 (D. Md. Mar. 13, 2013) (holding that plaintiffs state law claims were preempted because "plaintiffs relied on conclusory allegations of a failure to comply with FDA requirements," and even though the product was subject to a recall) (emphasis added).

The Second Amended Complaint also contains an allegation that Defendants failed to timely warn the decedent of a manufacturing defect. *See* Second Am. Compl. ¶¶ 10-12. This allegation must be dismissed because, as set forth above, Plaintiffs have not sufficiently alleged any manufacturing defect. There cannot be a failure to warn of a defect if Plaintiffs have not pled an actionable defect in the first place. In addition, similar to the other claims asserted in the Second Amended Complaint, Plaintiffs' failure to timely warn claim is preempted because Plaintiffs do not provide any information about the PMA safety requirements for the HVAD, or how Defendants deviated from those standards. *See* ECF No. 54 at 8-9. Specifically, Plaintiffs

9

failed to the allege that Defendants: 1) deviated from the HVAD labeling and warnings approved by the FDA; or 2) learned new information about the HVAD risks, but failed to warn the FDA. *See e.g.*, *Murphy v. Playtex Family Prod. Corp.*, 69 F. App'x 140, 142–43 (4th Cir. 2003) (holding that plaintiff's failure to warn claim was preempted because plaintiff sought to impose labeling and warnings that were "'different from, or in addition to,' specific regulations promulgated by the FDA.").

Accordingly, because Plaintiffs seek to impose requirements on Defendants that are "different from, or in addition to," those imposed by federal law, the Court should dismiss as preempted Plaintiffs' defective manufacture, failure to warn, breach of warranty (express and implied), and strict liability claims. *See Riegel*, 552 U.S. at 323.

## CONCLUSION

For the foregoing reasons, Medtronic, Inc. and HeartWare, Inc. respectfully request that the Court dismiss Plaintiffs' Second Amended Complaint. Because this was Plaintiffs' final change to re-plead, the Court should also dismiss the case with prejudice.

Dated: April 2, 2019

Respectfully submitted,

/s/ *DaWanna L. McCray*
Scott Ahmad
DaWanna McCray
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60409
(312) 558-5600
SAhmad@winston.com
DMcCray@winston.com
*Counsel for Medtronic, Inc. and HeartWare, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2019, the foregoing document was filed via the Court's CM/ECF system, and also sent via electronic and U.S. mail to counsel for Plaintiffs:

John J. Sellinger
Greenberg & Bederman, LLC
1111 Bonifant Street
Silver Spring, MD 20910
(301) 589-2200
jsellinger@gblawyers.com
*Attorney for Plaintiffs*

DaWanna McCray